**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ROBERT LUBOLD,**
      **Plaintiff,**
**v.**                            **Case No. 1:17-cv-727**

**GEICO GENERAL INSURANCE COMPANY,**
      **Defendant.**

## NOTICE OF REMOVAL

Defendant GEICO Choice Insurance, incorrectly named GEICO General Insurance Company ("GEICO"), by and through its counsel of record, Chapman and Charlebois, P.C. (Donna L. Chapman and Joseph Turner) for the underinsured motorist claims only and Meloney Perry Law, P.C. (Meloney Perry) for the extra-contractual claims, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support thereof, states as follows.

1.      Plaintiff Robert Lubold, ("Plaintiff") filed his Complaint for Damages ("Complaint") in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2017-03753 on May 26, 2017.  *See* Plaintiff's Complaint, hereto attached as **Exhibit A**.

2.      GEICO was served with the Summons and Complaint on June 12, 2017. *See* Summons and Return, attached hereto as **Exhibit B**.

3.      In his Complaint, Plaintiff states he is a resident of the State of New Mexico. **Exhibit A** at ¶ 1.

4.      GEICO is incorporated in the State of Nebraska, and its principal office is located in Washington D.C.  *See* State of Nebraska Department of Insurance Qualifying Examination of GEICO Choice Insurance Company, attached as **Exhibit C** at 2; *see also*

Nebraska Secretary of State Business Entity Information for GEICO Choice Insurance Company, attached as **Exhibit D**.

5.      Plaintiff seeks damages for financial hardship, medical bills, pain and suffering, lost wages, loss of enjoyment of life, loss of household services, as well as extra-contractual damages, punitive damages, treble damages, and "further injuries and damages."  See **Exhibit A** at ¶¶ 26, 29, 51, 56, 58, and 59.

6.      While Plaintiff has not alleged a specific amount of damages, the relief sought and the nature of the claims included in Plaintiff's Complaint demonstrate Plaintiff is seeking damages in excess of $75,000.  See generally id.  Plaintiff seeks recovery under a policy of insurance with GEICO which has limits exceeding $75,000.  As Plaintiff is also seeking extra-contractual damages, treble damages, and punitive damages, Plaintiff clearly expects to recover, and is seeking, damages in excess of $75,000.  See generally id.

7.      Plaintiff and the sole Defendant are citizens of different states. See 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...").

8.      Plaintiff is seeking damages in excess of $75,000.

9.      Therefore, this Honorable Court has original jurisdiction over this matter. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States"); see also U.S.C. §§ 1441 and 1446.

10.    This Court has jurisdiction over the parties in this case pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

11.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being served upon the Plaintiff on this date.

12.    GEICO is filing a Notice of Filing Notice of Removal in the state court action, a copy of which is attached to this Notice as **Exhibit E**.  The Notice of Filing Notice of Removal is being filed concurrently with this Notice in the Second Judicial District, Bernalillo County, State of New Mexico, pursuant to 28 U.S.C. § 1446(d).

13.    GEICO is filing an Entry of Appearance in the state court action on this date, a copy of which is attached to this Notice as **Exhibit F**.

14.    A copy of the "Register of Actions" in the state court action is attached to this Notice as **Exhibit G**.

15.    A copy of the state court filing "Court-Annexed Certification of Arbitration under Local Rule 2-603" is attached to this Notice as **Exhibit H**.

16.    Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-CIV. 81.1(a), all process, pleadings, and orders received by the Defendant in the state court action are attached to this Notice as **Exhibits A**, **B**, **E**, **F**, and **H**.  A separate Transmittal of State Court Records including all pleadings filed in the state court action will also be filed with this Court within twenty-eight (28) days.

17.    A Civil Cover Sheet is attached as **Exhibit I**.

**WHEREFORE**, the removing Defendant, GEICO, gives notice the above-styled action, which was pending in the Second Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-202-CV-2017-03753, is removed to this Court.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

/s/Joseph Turner
Donna L. Chapman
Joseph Turner
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
josephturner@cclawnm.com
*Attorneys for Defendant GEICO, as to the underinsured motorist claims only*

And

**PERRY LAW, P.C.**

/s/Meloney Perry
Meloney Perry
10440 North Central Expressway, Suite 600
Dallas, TX 75231
214-265-6224
mperry@mperrylaw.com
*Attorney for Defendant GEICO, as to the extra-contractual claims only*

I HEREBY CERTIFY that on the 12th day of July, 2017, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:
Margaret M. Branch

M. Terrence Revo
Christopher J. Templeman
Revo Smith Law Firm, LLC
10400 Academy Road NE, Suite 200
Albuquerque, NM 87102
505-293-8888
trevo@revosmithlaw.com
ctempleman@revosmithlaw.com
*Attorneys for Plaintiff*


*/s/Joseph Turner*
Joseph Turner

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/26/2017 10:07:27 AM
James A. Noel
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**


**ROBERT LUBOLD,**

               **Plaintiff,**

**vs.**                                                                                  **No.**  D-202-CV-2017-03753

**GEICO GENERAL INSURANCE COMPANY,**

               **Defendant.**


## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff Robert Lubold, by and through his counsel of record, REVO SMITH LAW FIRM, LLC, (Christopher J. Templeman, Esq., M. Terrence Revo, Esq.), requests that this Court grant judgment against the Defendant, GEICO General Insurance Company, and as grounds in support thereof would show the Court the following:

1.      Plaintiff Robert Lubold (hereinafter referred to as "Plaintiff"), at the time of the subject event, was a resident of Bernalillo County, City of Albuquerque, State of New Mexico.

2.      Defendant GEICO General Insurance Company (hereinafter referred to as "GEICO") is a Maryland corporation authorized to do business and doing business in the State of New Mexico.

3.      At all times pertinent hereto, Plaintiff was insured by Defendant GEICO under a valid and binding contract for insurance ("Policy"), which provided coverage for injuries and damages suffered through the acts or omissions of uninsured or underinsured motorists.

4.      The events described in this Complaint occurred in Bernalillo County, New Mexico.

5.      Jurisdiction and venue of the Court is proper pursuant to NMSA 1978 §38-3-1.

**EXHIBIT**
A

**Factual Background**

6.     On August 3, 2016, Plaintiff was operating a GEICO-insured 1992 Honda Accord EX traveling westbound on Montgomery Blvd. in Albuquerque, New Mexico.

7.     At the same time and place, Charlene Croft (hereinafter "Underinsured Driver") was operating a motor vehicle and failed to notice Plaintiff and surrounding westbound traffic stopped for a red light.

8.     At all times described herein, Plaintiff operated his vehicle in a reasonable and prudent manner exercising due caution and regard for the motor vehicle laws of New Mexico.

9.     The Underinsured Driver rammed the Plaintiff's vehicle as he was stopped.

10.     This collision then propelled Plaintiff's vehicle into the vehicle in front of him, causing a second collision.

11.     The Underinsured Driver operated her motor vehicle in a careless and/or negligent manner and failed to follow state and local laws and traffic rules in order to prevent harm to others, including Plaintiff.

12.     As a result of Underinsured Driver's actions, Plaintiff was injured and suffered damages.

13.     The Underinsured Driver is liable to Plaintiff for all his injuries and damages.

14.     The Underinsured Driver's actions resulting in the crash occurred during the effective dates of the Policy, which was in full force and effect at the time.

15.     Plaintiff made a demand for settlement upon Underinsured Driver who agreed to settle Plaintiff's claims for policy limits.

16.     Before accepting Underinsured Driver's policy limits offer, Plaintiff sought and was granted Defendant GEICO's authority to accept her policy limits offer.

17.     Plaintiff then demanded further underinsured motorist coverage from Defendant GEICO to pay remaining damages to make him whole.

18.     Defendant offered Plaintiff settlement well below value of his UIM claim.

### Count 1 – Breach of Contract

19.     Plaintiff repeats the above allegations as though set forth in full.

20.     Insurance coverage in New Mexico is provided by the contract of adhesion and is construed in light of reasonable expectations of the insured with expectations arising from both policy language and the dynamics of the insurance transaction.

21.     Defendant GEICO failed and refused to fairly and timely investigate, evaluate, and pay Plaintiff's claim.

22.     Defendant GEICO attempted to obscure its obligations under the express and implied provisions of the Policy.

23.     Defendant GEICO breached its obligations owed under the Policy.

24.     As a result of Defendant GEICO's breach, Plaintiff suffered and continues to suffer damages.

25.     Defendant GEICO knew or reasonably should have known of its obligation to perform under the Policy and Plaintiff's reasonable expectations regarding coverage.

26.     Defendant GEICO knew or reasonably should have known that its failure or refusal to perform its obligations under the Policy would cause Plaintiff financial hardship, damages, and extra-contractual damages.

27.     Defendant GEICO breached the Policy with dishonest judgment, a culpable mental state, and/or a bad faith disregard of Plaintiff's rights.

28.     Defendant GEICO's actions were willful and in wanton disregard for Plaintiff's rights.

3

29.     Defendant GEICO's dishonest judgment, culpable mental state, bad faith, and its willful, reckless, and/or wanton disregard of Plaintiff's rights compel an award of punitive damages in an amount to be determined at trial.

## Count 2 – Insurance Bad Faith

30.     Plaintiff repeats the above allegations as though set forth in full.

31.     The loss on August 3, 2016 was within the coverage of the GEICO Policy covering Plaintiff.

32.     Defendant GEICO had, at all times relevant to this action, a fiduciary duty of good faith and fair dealing with Plaintiff.

33.     Plaintiff was, at all times relevant to this action, acting in accordance with his contractual responsibilities to Defendant GEICO.

34.     Plaintiff has properly notified Defendant GEICO of his claims for insurance protection and made proper demand for payment after his loss.

35.     Defendant GEICO refused to pay fair and reasonable value for the claim for reasons that are frivolous and/or unfounded.

36.     Defendant GEICO has:

    a.      Failed and refused to timely, thoroughly, and/or fairly investigate, evaluate, settle, or pay the claim and failed to give the interests of its insured equal consideration as its own;

    b.      Failed and refused to conduct an adequate investigation into the facts and circumstances of Plaintiff's claim;

    c.      Failed to conduct a competent investigation of the claim and to honestly and fairly balance its own interests and the interests of the insured in denying the claim;

    d.      Placed its own financial interests above those of its insured.

4

37.     As a result of the bad faith conduct by Defendant GEICO, Plaintiff has suffered injuries and damages.

### Count 3 – Unfair Insurance Practices

38.     Plaintiff repeats the above allegations as though set forth in full.

39.     At all times relevant to this action, there was a statute in the State of New Mexico known as the "Unfair Insurance Practices Act" (NMSA 1978 § 59A-16-20), which defines and prohibits certain unfair and deceptive insurance practices.

40.     Plaintiff is an insured under the Policy issued by Defendant GEICO.

41.     Plaintiff has performed in a timely manner all duties and obligations required of him under the terms of the Policy.

42.     Plaintiff submitted all necessary proof of loss and damages materials, yet Defendant GEICO has denied and/or refused to pay his claim.

43.     Plaintiff suffered a loss compensable under the terms of the Policy when he was injured in the crash with the Underinsured Driver.

44.     Defendant GEICO had the duty to act in good faith and deal fairly with Plaintiff.

45.     Defendant GEICO willfully, recklessly, and without regard for the rights of Plaintiff breached the duty of good faith and fair dealing owed to him by knowingly committing the following acts:

   a.     Failing to implement and adopt reasonable standards for the prompt investigation and processing of Plaintiff's claim;

   b.     Failing to attempt prompt, fair, and equitable settlement of a claim in good faith once liability had become reasonably clear;

   c.     Compelling Plaintiff to institute litigation in order to recover amounts due under the policy by denying the claim;

     d.      Delaying the investigation of Plaintiff's claim;

     e.      Failing to promptly provide Plaintiff a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for the offer of a compromise settlement.

### Count 4 – Unfair Trade Practices

46.     Plaintiff repeats the above allegations as though set forth in full.

47.     Defendant GEICO's wrongful conduct, as described above, including the failure to properly investigate, communicate upon, or resolve Plaintiff's claim stemming from the tortuous conduct of the Underinsured Driver constitutes both unfair practices and unconscionable practices as set forth in the Unfair Trade Practices Act (NMSA 1978 § 57-12-1 et seq.).

48.     Defendant GEICO knowingly or without exercising due diligence failed to deliver the quality of services contracted for.

49.     As a result of the unfair trade practices of Defendant GEICO, Plaintiff has suffered injuries and damages.

50.     Defendant GEICO's violations also compel an award of litigation costs and attorney fees.

51.     Defendant GEICO's violations were willful, compelling treble damages.

### Count 5 – Breach of Duties of Good Faith and Fair Dealing

52.     Plaintiff repeats the above allegations as though set forth in full.

53.     Defendant GEICO entered into a contract in which Plaintiff was a beneficiary and consequently owed a duty of good faith and fair dealing.

54.     Defendant GEICO breached the covenant of good faith and fair dealing inherent in its contract.

55.     As a result of those breaches, Plaintiff has suffered and continues to suffer damages.

56.     Defendant GEICO's actions were reckless, fraudulent, willful, and in wanton disregard for Plaintiff's rights and compel an award of punitive damages in an amount to be determined at trial.

## Damages

57.     Plaintiff repeats the above allegations as though set forth in full.

58.     As a direct and proximate result of the collision with the Underinsured Motorist, Plaintiff has suffered injuries and damages that entitled Plaintiff to compensation under the Policy, including but not limited to medical bills, pain and suffering, lost wages, loss of enjoyment of life, loss of household services, punitive damage, attorney fees, and costs of suit, which Defendant GEICO has failed to pay in accordance with its contractual and legal obligations.

59.     As a direct and proximate result of Defendant GEICO's other wrongful conduct, Plaintiff has suffered further injuries and damages.

60.     Plaintiff is entitled to recover attorney fees and costs in pursuing this action pursuant to NMSA 1978, § 39-2-1.


**WHEREFORE**, Plaintiff Robert Lubold requests an order from this Court directing GEICO to pay Plaintiff such funds to sufficiently and fully compensate him for the injuries and damages he suffered as a result of the collision on August 3, 2016 pursuant to his under insurance motorist coverage provisions of the above policy, an award of damages for GEICO's breach of contract and for costs of this action, pre-and post-judgment interest, attorneys fees and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**REVO SMITH LAW FIRM, LLC**


 /s/ Christopher J. Templeman
CHRISTOPHER J. TEMPLEMAN
M. TERRENCE REVO
Attorneys for Plaintiff
10400 Academy Road, N.E.
Suite 200
Albuquerque, NM  87102
PH:     505-293-8888
FAX:   505-323-1159
Email: ctempleman@revosmithlaw.com

FILED IN MY OFFICE
DISTRICT COURT CLERK
6/21/2017 2:58:22 PM
James A. Noel
Lorenzo Renteria

| SUMMONS | |
|---|---|
| District Court:  SECOND JUDICIAL DISTRICT COURT<br>Court Address: 400 Lomas Boulevard, NW, Albuquerque, NM 87103<br>Telephone No.: 505-841-7451 | Case Number:  D-202-CV-2017-03753<br><br>Assigned Judge:  Hon. Victor S. Lopez |
| ROBERT LUBOLD,<br><br>          Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>          Defendant. | Defendant: GEICO GENERAL INSURANCE COMPANY<br>Address:  c/o OFFICE OF SUPERINTENDENT OF INSURANCE<br>Post Office Box 1269<br>Santa Fe, NM 87504-1269<br>505-827-1291 |

### TO THE ABOVE NAMED DEFENDANT(S):  Take notice that:

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA)  The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico,   5/30/2017

JAMES A. NOEL
CLERK OF DISTRICT COURT

JAMES A. NOEL
CLERK OF THE DISTRICT COURT
By:

DEPUTY

Address of Attorney for Plaintiff

Deputy Clerk

REVO SMITH LAW FIRM, LLC


/s/ Christopher Templeman
CHRISTOPHER J. TEMPLEMAN, ESQ.
Counsel for Plaintiff
10400 Academy Road, NE; Suite 200
Albuquerque, NM 87111
PH:     505-293-8888
FAX:   505-323-1159
Email: ctempleman@revosmithlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

EXHIBIT
B

**RETURN**

STATE OF NEW MEXICO )
                           ) ss.
COUNTY OF BERNALILLO )

         I, being duly sworn on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit and that I served this Summons in _Santa Fe_ County on _June 12, 2017_ by delivering a copy of this Summons, with a copy of this Complaint for Damages to Defendant attached in the following manner:

[Check one box and fill in appropriate blanks]

[ ]     To defendant _____ (to be used when person receives a copy of the Summons, with a copy of this or refuses to accept the Summons, with a copy of this Complaint for Damages)

[ ]     to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*)

After attempting to serve the Summons with a copy of this on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this Summons, with a copy of this Complaint for Damages attached, in the following manner:

[ ]     To _____ person over fifteen (15) years of age and residing at the usual place of abode of defendant, _____, (*used when the defendant is not presently at place of abode*) located at _____ (*insert defendant's last known mailing address*) a copy of the Summons, with a copy of this Complaint for Damages the time of such service was absent there from.

[ ]     To _____ the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendants last known mailing address*)

[X]     To _Melissa Martinez – Law Clerk , General Counsel at the Office of the Superintendent of Insurance located at 1120 Paseo de Peralta, Rm. 428, Santa Fe, NM 87504_ an agent authorized to receive service of process for Defendant _Geico General Insurance Company_ .

[ ]     to _____ [parent] [guardian] [custodian] conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*)

[ ]     To _____ title of person authorized to receive service (used when Defendant is a corporation or association subject to suit under a common name, a land grant, board trustees, the State of New Mexico or any political subdivision).

Fees: $_____

                                     Michael Tinker – Process Server

Subscribed and sworn to before me this _20th_ day of _June_ _____, 2017

_____
Judge, Notary Public, or other Officer
Authorized to Administer Public Oaths

_____
Official Title

OFFICIAL SEAL
Mikail Tinker
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: _12-9-2019_

# QUALIFYING EXAMINATION

## OF

# GEICO CHOICE INSURANCE COMPANY

**Located at**

**One GEICO Plaza,
Washington, DC**

**AS OF**

**JULY 31, 2011**

STATE OF NEBRASKA
DEPARTMENT OF INSURANCE

OCT **2 6** 2011

FILED



Omaha, Nebraska
October 3, 2011

Honorable Bruce R. Ramge
Director of Insurance
State of Nebraska
Lincoln, Nebraska

Sir:

Pursuant to your instructions and statutory requirements, a qualifying examination

has been made of the

**GEICO Choice Insurance Company**

with its statutory office at:

1440 Kiewit Plaza
Omaha, Nebraska 68131

and the administrative office at

One GEICO Plaza
Washington, DC 20076

(hereinafter also referred to as the "Company") and the report of such examination is

respectfully presented herein.

## SCOPE OF EXAMINATION

The Company has made an application for a Certificate of Authority to transact

the business of insurance as provided under Nebraska Revised Statute §44-201(5)

(property and casualty lines of insurance).   In order to determine whether such authority

7/11/2017                              Nebraska Secretary of State - Corporation and Business Entity Searches

## GEICO CHOICE INSURANCE COMPANY

Tue Jul 11 11:45:48 2017

**SOS Account Number**
10149233
**Status**
Active

**Principal Office Address**
No address on file
**Registered Agent and Office Address**
C T CORPORATION SYSTEM
5601 SOUTH 59TH STREET
LINCOLN, NE 68516

**Nature of Business**
Not Available
**Entity Type**
Insurance Company
Qualifying State: NE
**Date Filed**
Jun 13 2011

## Filed Documents

To purchase copies of filed documents check the box to the left of the document code. If no checkbox appears, contact the Secretary of State's office to request the document(s).

| | Code | Document | Date Filed | Price |
|---|---|---|---|---|
| ☐ | **AP** | Articles Perpetual | Jun 13 2011 | $2.70 = 6 page(s) @ $0.45 per page |
| ☐ | **PP** | Proof of Publication | Jul 26 2011 | $0.45 = 1 page(s) @ $0.45 per page |
| | **AO** | Change of Agent or Office | Feb 20 2013 | Document exceeds maximum page count. Please contact Business Services. |
| | **AO** | Change of Agent or Office | Feb 12 2014 | Document exceeds maximum page count. Please contact Business Services. |

## Good Standing Documents

To purchase documents attesting to the entity's good standing check the box next to the document title.

- If you need your Certificate of Good Standing Apostilled or Authenticated for use in another country, you must contact the Nebraska Secretary of State's office directly for information and instructions. Documents obtained from this site cannot be Apostilled or Authenticated.

☐ **Online Certificate of Good Standing with Electronic Validation**

**$6.50**
This certificate is available for immediate viewing/printing from your desktop. A Verification ID is provided on the certificate to validate authenticity online at the Secretary of State's website.

EXHIBIT
D

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ROBERT LUBOLD,

      Plaintiff,

v.                            **No. D-202-CV-2017-03753**

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

## NOTICE OF FILING OF REMOVAL

PLEASE TAKE NOTICE that GEICO Choice Insurance Company, incorrectly named as GEICO General Insurance Company (hereinafter "GEICO"), by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Joseph Turner) for the underinsured motorist claims, has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1", was sent via email to:

M. Terrence Revo
Christopher J. Templeman
Revo Smith Law Firm, LLC
10400 Academy Road NE, Suite 200
Albuquerque, NM 87102
505-293-8888
trevo@revosmithlaw.com
ctempleman@revosmithlaw.com
*Attorneys for Plaintiff*

                           Respectfully submitted,

                           **CHAPMAN AND CHARLEBOIS, P.C.**

                           Donna L. Chapman
                           Joseph Turner
                           P.O. Box 92438
                           Albuquerque, NM 87199
                           Tel: (505) 242-6000
                           donna@cclawnm.com
                           josephturner@cclawnm.com
                           *Attorneys for GEICO as to the underinsured motorist claims*



EXHIBIT
E

I HEREBY CERTIFY THAT on this 12TH day of July, 2017, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

M. Terrence Revo
Christopher J. Templeman
Revo Smith Law Firm, LLC
10400 Academy Road NE, Suite 200
Albuquerque, NM 87102
505-293-8888
trevo@revosmithlaw.com
ctempleman@revosmithlaw.com
*Attorneys for Plaintiff*

Joseph Turner

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ROBERT LUBOLD,

        Plaintiff,

v.                               No. D-202-CV-2017-03753

GEICO GENERAL INSURANCE COMPANY,

        Defendant.

## ENTRY OF APPEARANCE

       Chapman and Charlebois, P.C. (Donna L. Chapman and Joseph Turner), hereby enter their appearance on behalf of Defendant GEICO Choice Insurance Company, incorrectly named as General Insurance Company.  Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                      Respectfully submitted,

                      **CHAPMAN AND CHARLEBOIS, P.C.**

                      Donna L. Chapman
                      Joseph Turner
                      PO Box 92438
                      Albuquerque, NM  87199
                      505-242-6000
                      donna@cclawnm.com
                      josephturner@cclawnm.com
                      *Attorneys for GEICO*



I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this _12th_
day of July 2017:

M. Terrence Revo
Christopher J. Templeman
Revo Smith Law Firm, LLC
10400 Academy Road NE, Suite 200
Albuquerque, NM 87102
505-293-8888
trevo@revosmithlaw.com
ctempleman@revosmithlaw.com
*Attorneys for Plaintiff*

Joseph Turner

Skip to Main Content  Logout  My Account  Search Menu  Search  Refine Search  Back

Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2017-03753

Robert Lubold v. Geico General Insurance Company

§
§
§
§
§
§

Case Type:  **Tort**
Date Filed:  **05/26/2017**
Location:
Judicial Officer:  **Lopez, Victor S.**

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| Defendant | Geico General Insurance Company |  |
| Plaintiff | Lubold, Robert | Christopher John Templeman *Retained* 505-293-8888(W) |
|  |  | Michael Terrence Revo *Retained* 505-293-8888(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| 05/26/2017 | **Cause Of Actions** | Tort: Personal Injury Auto |
|---|---|---|
|  | Action Type | Action |
| 05/26/2017 | OPN: COMPLAINT |  |
| 05/26/2017 | ARB: CERT NOT SUBJECT |  |
| 05/30/2017 | **Summons** |  |

|  |  | Served | 06/12/2017 |
|---|---|---|---|
|  | Geico General Insurance Company | Response Due | 07/12/2017 |
|  |  | Returned | 06/21/2017 |
| 06/21/2017 | SUMMONS RETURN | | |
|  | *Served Melissa Martinez of Office of Superintendent of Insurance for Defendant Geico on 06-11-17* | | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| **Plaintiff** Lubold, Robert | | | | |
| Total Financial Assessment | | | | 132.00 |
| Total Payments and Credits | | | | 132.00 |
| **Balance Due as of 07/11/2017** | | | | **0.00** |
| 05/26/2017 | Transaction Assessment | | | 132.00 |
| 05/26/2017 | File & Serve Payment | Receipt # ALBD-2017-15085 | Lubold, Robert | (132.00) |



**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**5/26/2017 10:07:27 AM**
**James A. Noel**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ROBERT LUBOLD,**

              **Plaintiff,**

**vs.**                                    **No.**    D-202-CV-2017-03753

**GEICO GENERAL INSURANCE COMPANY,**

              **Defendant.**

## COURT-ANNEXED CERTIFICATION
## OF ARBITRATION UNDER LOCAL RULE 2-603

      Plaintiff, Robert Lubold, by and through his counsel of record, REVO SMITH LAW

FIRM, LLC, (Christopher J. Templeman, Esq.), pursuant to LR2-603, certifies as follows; that he

is seeking relief in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of punitive

damages, interest, costs and attorneys' fees, and that therefore, this case is not subject to court-

annexed arbitration.

                                  Respectfully submitted,

                                  **REVO SMITH LAW FIRM, LLC**

                                /s/ Christopher J. Templeman
                                CHRISTOPHER J. TEMPLEMAN, ESQ.
                                Attorney for Plaintiff
                                10400 Academy Road, N.E.
                                Suite 200
                                Albuquerque, NM  87102
                                PH:   505-293-8888
                                FAX:  505-323-1159
                                Email: ctempleman@revosmithlaw.com



EXHIBIT
H

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Robert Lubold | GEICO Choice Insurance |

| **(b)** County of Residence of First Listed Plaintiff   Bernalillo County, NM | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Christopher J. Templeman and M. Terrence Revo, Revo Smith Law Firm, LLC, 10400 Academy Rd. NE, Ste. 200, Albuquerque, NM 87102; (505) 293-8888 | See Attachment |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☐ 3   Federal Question *(U.S. Government Not a Party)*

☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original Proceeding

☒ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441(b)

Brief description of cause:
Complaint for breach of contract and bad faith for underinsured motorist coverage.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE Victor S. Lopez   DOCKET NUMBER D-202-CV-201703573

DATE
07/11/2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

EXHIBIT

**Names, Address and Telephone Numbers of Defense Counsel:**

Donna L. Chapman
Joseph Turner
Chapman and Charlebois, P.C.
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
josephturner@cclawnm.com
*Attorneys for Defendant GEICO, as to the*
*underinsured motorist claims only*

And

Meloney Perry
Perry Law, P.C.
10440 North Central Expressway, Suite 600
Dallas, TX 75231
214-265-6224
mperry@mperrylaw.com
*Attorney for Defendant GEICO, as to the extra-*
*contractual claims only*